**REEDY RIVER VENTURES LIMITED PARTNERSHIP, Plaintiff,**

v.

**SYNOPTICS COMMUNICATIONS, INC., Defendant.**

Civ. A. No. 6:92–863–20.

United States District Court,
D. South Carolina,
Greenville Division.

April 15, 1993.

William D. Herlong, Greenville, SC, for plaintiff.

F. Marion Hughes, and Sandra L.W. Miller, Greenville, SC, for defendant.

**ORDER**

HERLONG, District Judge.

This matter is before the court on the parties' cross motions for summary judgment. For the reasons stated below, the plaintiff's motion for summary judgment is granted, and the defendant's motion is denied.

In August 1990, the plaintiff, Reedy River Ventures Limited Partnership ("Reedy River"), loaned One Hundred Twenty-two Thousand, Five Hundred Dollars ($122,500.00), pursuant to a promissory note, to MaCo Networks, Inc. ("MaCo"). MaCo was a South Carolina corporation in the business of designing and selling computer networks. The loan was secured in part by a security interest in MaCo's inventory. The security interest was granted by the security agreement which was properly perfected in South Carolina by the filing of a financing statement on August 31, 1990. MaCo failed to pay Reedy River's promissory note when it matured on October 31, 1990. MaCo filed for bankruptcy on December 14, 1990.

The defendant, Synoptics Communications, Inc. ("Synoptics"), is a California corporation that regularly supplied equipment to MaCo. The equipment became part of MaCo's inventory to be resold by MaCo.

This lawsuit concerns the equipment Synoptics sold to MaCo in the months prior to its bankruptcy. After defaulting on Reedy River's promissory note, but before filing bankruptcy, MaCo returned the equipment to Synoptics in California. After Synoptics received the equipment, it credited MaCo's account with Ninety Thousand, Eighty-six Dollars and Seventy-five Cents ($90,086.75), the amount Synoptics had charged MaCo originally. At this time, Synoptics did not

have knowledge of Reedy River's security interest. In the bankruptcy proceedings, MaCo's inventory was abandoned to Reedy River. Reedy River attempted to obtain the equipment from Synoptics, but Synoptics refused to return it. Reedy River brought suit for conversion.

Synoptics argues that it has a right to the equipment because Reedy River failed to perfect its security interest in the equipment after it was removed from South Carolina to California. Therefore, as a matter of law, Reedy River became an unsecured creditor whose claims on the equipment are subordinate to Synoptics's claims.

■ In determining whether Reedy River's security interest in the equipment is perfected, the court looks to California law.[1] Section 9103(1) of the *California Commercial Code* provides:

> (d) When collateral is brought into and kept in this state while subject to a security interest perfected under the law of the jurisdiction from which the collateral was removed, the security interest remains perfected, but if action is required ... to perfect the security interest:

> .  .  .  .  .

> (i) If the action is not taken before the expiration of the period of perfection in the other jurisdiction or the end of four months after the collateral is brought into this state, whichever period first expires, the security interest becomes unperfected at the end of that period and is thereafter deemed to have been unperfected as against a person who became a purchaser after removal.

■ Reedy River never filed a financing statement in California. Under the code, Reedy River had four months after the arrival of the equipment in California to file its

financing statement in California. Cal.Com. Code § 9103(1)(d)(i).

Reedy River argues that the four-month filing period provided by § 9103(1)(d)(i) was stayed by MaCo's bankruptcy proceedings. "If a security interest perfected by filing exists at the time insolvency proceedings are commenced by or against the debtor, the security interest remains perfected until termination of the insolvency proceedings and thereafter for a period of sixty days...." Cal.Com.Code § 9403(2). In their treatise on the Uniform Commercial Code, Professors White and Summers support Reedy River's position that because of § 9–403(2), the four-month rule of § 9–103(1)(d)(i) does not apply when bankruptcy has been declared.

> [S]ection 9–403(2) may save the secured creditor against all competitors if the debtor goes into bankruptcy within the four-month period. The third sentence of 9–403(2) reads as follows: "If a security interest perfected by filing exists at the time insolvency proceedings are commenced ..., the security interest remains perfected until termination of the insolvency proceedings and thereafter for a period of sixty days...." Thus the debtor's bankruptcy within the four month period will have the same effect as though the bank had perfected its security interest by filing in the new state.

2 White & Summers, *Uniform Commercial Code*, § 24–21, p. 396 (3d ed. 1988).

In light of this reasoning and the plain language of the statute, the court holds that the four-month rule of Cal.Com.Code § 9103(1)(d)(i) was tolled by MaCo's bankruptcy proceedings. Therefore, Reedy River maintained a perfected security interest in the equipment. Reedy River's motion for summary judgment on its cause of action for

---

1. California law governs because "perfection and the effect of perfection or nonperfection of a security interest in collateral are governed by the law of the jurisdiction where the collateral is when the last event occurs on which is based the assertion that the security interest is perfected or nonperfected." S.C.Code Ann. § 36–9–103(1)(b). "If the security interest was perfected in one jurisdiction and then removed to another juris-

diction, maintenance of perfection in the latter jurisdiction or failure to do so is the 'last event' to which the basic rule refers." S.C.Code Ann. § 36–9–103(1)(b) Official Comment .1.

As a practical matter, it makes little difference whether the law of South Carolina or California is applied, because they both have adopted the Uniform Commercial Code.

conversion is hereby granted. Synoptic's motion for summary judgment is denied.

**IT IS SO ORDERED.**